JOSEPH OLIVIERI, Appellant, v ASSOCIATION OF WALL-CEILING & CARPENTRY INDUSTRIES OF NEW YORK, INC., Respondent. [1 NYS3d 120]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Westchester County (Jamieson, J.), dated March 21, 2013, which denied his motion for summary judgment on the complaint and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

While under a federal indictment, the plaintiff entered into an agreement, dated September 27, 2010 (hereinafter the separation agreement), providing for his separation from his employer, the defendant. Pursuant to the separation agreement, the parties agreed to a schedule of four equal payments to be made by the defendant to the plaintiff, except that, in the event that the plaintiff were to plead guilty or was convicted pursuant to the pending indictment, the defendant "[would] have no obligation to make any remaining payments under [the separation] [a]greement." The first payment was to be made 15 days after the execution of the separation agreement, and the remaining three on February 1, May 1, and August 1, 2011, respectively. The separation agreement also provided that it would "in all respects be interpreted, enforced and governed under the laws of the State of New York without regard to conflict of laws principles."

The defendant made the first payment to the plaintiff pursuant to the separation agreement. Thereafter, on October 27, 2010, a federal jury rendered a verdict of guilty against the plaintiff as to perjury (18 USC § 1623), count four of the indictment. Thereafter, the defendant made no additional payments to the plaintiff under the separation agreement. The plaintiff

was sentenced in June 2011. In January 2012, the plaintiff commenced this action, contending that the defendant owed two payments to him pursuant to the separation agreement—the February 1 and May 1, 2011 payments—on the ground that the defendant's payment obligation did not cease until the date the plaintiff was sentenced in June 2011. Thereafter, the plaintiff moved for summary judgment on his complaint. The defendant opposed the motion, and cross-moved for summary judgment dismissing the complaint, contending that, pursuant to the separation agreement, its payment obligation ceased as of the date of the jury verdict in October 2010.

The Supreme Court denied the plaintiff's motion for summary judgment and granted the defendant's cross motion for summary judgment dismissing the complaint. The plaintiff appeals.

" 'When a contract, "read as a whole to determine its purpose and intent," plainly manifests the intent of the parties, relief may be granted by way of summary judgment' " (*Civil Serv. Empls. Assn., Inc., AFSCME, Local 1000, AFL-CIO v Nassau Health Care Corp.*, 115 AD3d 781, 782 [2014]; quoting *Spano v Kings Park Cent. School Dist.*, 61 AD3d 666, 669 [2009], quoting *W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]).

Here, the separation agreement provides that New York law governs the interpretation of the contract. Thus, the Supreme Court properly ruled that, pursuant to CPL 1.20 (13), a "conviction" occurs upon a verdict of guilty, not upon a "sentence," which is separately defined under CPL 1.20 (14). Pursuant to the express terms of the separation agreement, the defendant's obligation to pay the plaintiff ceased as of October 27, 2010, the day the jury rendered its verdict (*see W.W.W. Assoc. v Giancontieri*, 77 NY2d at 162). Therefore, the Supreme Court properly determined that the term "conviction" in the separation agreement is not ambiguous and that the defendant, not the plaintiff, established its prima facie entitlement to judgment as a matter of law, and, in opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the complaint, and granted the defendant's cross motion for summary judgment dismissing the complaint. Chambers, J.P., Miller, Duffy and LaSalle, JJ., concur.